UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| DAJUAN MICHELE LAWLEY, <br><br> Petitioner, <br><br> v. <br><br> DISTRICT COURT OF UTAH, <br><br> Respondent. | **MEMORANDUM DECISION AND ORDER REGARDING PETITION FOR WRIT OF HABEAS CORPUS (DOC. NO. 6)** <br><br> Case No. 1:20-cv-00150-RJS-DAO <br><br> Chief Judge Robert J. Shelby <br><br> Magistrate Judge Daphne A. Oberg |

Before the court is pro se Petitioner DaJuan Michele Lawley's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, ("Petition," Doc. No. 6). Although Mr. Lawley filed his petition using the § 2241 form, his claims more appropriately fall under 28 U.S.C. § 2255. For this reason, the court[1] gives notice to Mr. Lawley that it intends to construe his petition as a § 2255 petition—unless Mr. Lawley files an objection to this characterization by January 11, 2022. Mr. Lawley may also supplement or withdraw his petition by this date, if he chooses to do so.

BACKGROUND

In his petition, Mr. Lawley challenges his conviction, claiming he received ineffective assistance of counsel. (Petition, Doc. No. 6 at 2.) Mr. Lawley alleges his lawyer failed to do several things such as: asking why a firearm was never put into evidence, having the firearm

---

[1] On October 12, 2021, the chief district judge referred this case to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B). (Doc. No. 7.)

1

tested, addressing why a memorandum was signed by a Colorado judge, arguing the firearm was a prop gun, filing a motion to compel, and attempting to get the charge reduced to a misdemeanor. (*See generally* Petition, Doc. No. 6.) According to Mr. Lawley, his attorney recommended he take a plea deal to seventy-eight months in custody and told him it was the only deal he would be offered. (*Id.* at 7.) Mr. Lawley disputes that his case is a federal felony case and disputes that he ever trafficked drugs or used a firearm to protect drugs. (*Id.* at 7–8.) Rather, Mr. Lawley contends his conduct qualified as a misdemeanor offense. (*Id.* at 7.) He seeks to have his conviction vacated and be released from prison. (*Id.*)

## ANALYSIS

Habeas corpus petitions brought under § 2241 differ from those brought under § 2255. A prisoner's challenge to the *execution* of a sentence is properly brought under § 2241. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). However, a prisoner must challenge the *legality* of his commitment under § 2255. *Id.* In other words, petitions under § 2241 "do[] not oppose the sentence or conviction itself," *Watson v. McCollum*, 772 F. App'x 675, 678 (10th Cir. 2019) (unpublished) (internal quotation marks omitted), whereas petitions under § 2255 "attack the validity of a conviction and sentence," *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). The only circumstance in which a prisoner may challenge his conviction under § 2241 is when a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." *Prost v. Anderson*, 636 F.3d 578, 580 (10th Cir. 2011) (quoting 28 U.S.C. § 2255(e)). But failure to obtain relief under § 2255 does not mean it is an inadequate or ineffective remedy. *Lester v. United States*, 668 F. App'x 334, 335 (10th Cir. 2016) (unpublished).

2

I.        **Construing Mr. Lawley's Petition as a Section 2255 Motion**

Mr. Lawley styles his filing as a both a § 2241 petition and a § 2255 petition. But his petition collaterally attacks the validity of his conviction and sentence, not the conditions of his confinement or the execution of his sentence. Mr. Lawley does not argue, for example, that his commitment is legitimate but he should be held elsewhere or treated differently. Instead, he challenges the plea agreement resulting in his conviction and sentence based on ineffective assistance of counsel. Because of this, the court intends to characterize his petition as a § 2255 petition.[2]

The ability to file a § 2255 claim is strictly limited. For instance, petitions must generally be filed within one year of the date of the judgment. 28 U.S.C. §2255(f). And second or successive petitions are strictly curtailed. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b); *see also Davis v. Roberts*, 425 F.3d 830, 835 (10th Cir. 2005). Given the severe consequences a decision on a § 2255 petition can have on future petitions, courts must give pro se petitioners notice before characterizing a pleading as a § 2255 petition. *Davis*, 425 F.3d at 834–35. Specifically, the court must (1) "notify the *pro se* litigant that it intends to recharacterize the pleading"; (2) "warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions"; and (3) give "the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Id.* at 835 (quoting *Castro v. United States*, 540 U.S. 375, 383 (2003)).

Mr. Lawley has already filed a § 2255 motion based on the same underlying conviction. *See Lawley v. United States*, No. 1:20-cv-00098-RJS (D. Utah). This fact undermines the policy

---

[2] Although Mr. Lawley brings his motion under 28 U.S.C. § 2255 as well as § 2241, (Petition, Doc. No. 6 at 3), out of an exercise of caution, the court affords Mr. Lawley notice of its intent to construe the entire petition as one under §2255.

basis behind the requirement that the court give notice of its intent to recharacterize his petition. Despite this, out of an abundance of caution, the court gives Mr. Lawley notice and an opportunity to supplement or withdraw his petition.

If Mr. Lawley chooses not to withdraw his petition, it will be considered a second petition under § 2255. To proceed with a second petition, Mr. Lawley must show the petition was certified "by a panel of the appropriate court of appeals." § 2255(h). Specifically, the court of appeals must determine the second petition contains: (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.*

Despite the fact that Mr. Lawley filed a previous § 2255 petition which the court denied, Mr. Lawley has not established that he received certification from the Tenth Circuit Court of Appeals to bring a second petition. This order gives Mr. Lawley the opportunity to supplement his petition to establish, if he can, that he received certification to file this second petition—as well as the opportunity to assert any other claims under § 2255. Any objection, withdrawal, or supplement must be filed by January 11, 2022.

## II.   Claims Under Section 2241

In addition to § 2255, Mr. Lawley's petition references § 2241. As noted above, this is problematic where his petition challenges the validity of his conviction, rather than its execution. A prisoner may only challenge his conviction under § 2241 when a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." *Prost*, 636 F.3d at 580 (quoting

28 U.S.C. § 2255(e)).  Generally, courts require prisoners to bring ineffective assistance of counsel arguments in § 2255 motions.  *Lester*, 668 F. App'x at 335.

If Mr. Lawley believes a § 2255 motion is legally ineffective or inadequate to challenge his conviction, he can address this in any supplement filed by January 11, 2022.

### III.     This Petition is Not an Appeal

Lastly, it appears Mr. Lawley may consider his current petition to be an appeal of the court's denial of his first § 2255 motion, in case number 1:20-cv-00098-RJS.  (*See* Petition, Doc. No. 6 at 3 (noting he is now filing a second appeal).)  Mr. Lawley's petition cannot be considered an appeal of his original conviction or an appeal of the court's denial of his first § 2255 motion.  Any appeal of a district court order must be brought before the court of appeals, not in a separate petition before the district court.

### CONCLUSION

For the reasons set forth above, the court ORDERS:

1. If Mr. Lawley does *not* want the court to recharacterize his petition under § 2255, or if he wants to withdraw his petition, he must file a document with the court stating this by **January 11, 2022**.

2. If Mr. Lawley wants to supplement his petition to include all his possible claims under § 2255 or to establish he received certification from the Tenth Circuit to file a second petition, he must file any such supplemental information with the court by **January 11, 2022.**

3. If Mr. Lawley wants to supplement his petition to argue why a § 2255 motion is ineffective or inadequate to address the legality of his conviction, he must

5

file any such supplemental information with the court by **January 11, 2022.**

DATED this 15th day of November, 2021.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge