UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| DAJUAN MICHELE LAWLEY,<br><br>  Petitioner,<br><br>v.<br><br>UNITED STATES,<br><br>  Respondent. | **REPORT AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS (DOC. NO. 6)**<br><br>Case No. 1:20-cv-00150<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is pro se Petitioner DaJuan Michele Lawley's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, ("Pet.," Doc. No. 6). Although Mr. Lawley filed his petition using a § 2241 form, his claims more appropriately fall under 28 U.S.C. § 2255. For this reason, the court advised Mr. Lawley it would construe his petition as a § 2255 petition—and gave him the opportunity to object to this characterization or to supplement or withdraw the petition. (Mem. Decision and Order Regarding Pet. for Writ of Habeas Corpus ("2255 Order") 1, Doc. No. 11.) Specifically, the court invited Mr. Lawley to establish he had received certification from the Tenth Circuit Court of Appeals to bring a second petition, because Mr. Lawley had already filed a § 2255 motion based on the same underlying conviction. (*See id.* at 4.) Where Mr. Lawley's supplemental filing contains no evidence of this Tenth Circuit

1

certification, the court lacks jurisdiction to consider Mr. Lawley's petition, and the undersigned[1] recommends[2] his petition be denied.

## BACKGROUND

In his petition, Mr. Lawley challenges his prior conviction in this district (case number 1:18-cr-00084-RJS), and the denial of his first § 2255 case (1:20-cv-00098-RJS), claiming he received ineffective assistance of counsel in his criminal case. (Pet. 2, Doc. No. 6.) Mr. Lawley alleges his lawyer failed to do several things, such as: asking why a firearm was never put into evidence, having the firearm tested, arguing the firearm was a prop gun, filing a motion to compel, addressing why a memorandum was signed by a Colorado judge, and attempting to have the charge reduced to a misdemeanor. (*See generally id.*) According to Mr. Lawley, his attorney recommended he take a plea deal to seventy-eight months in custody and told him it was the only deal he would be offered. (*Id.* at 7.) Mr. Lawley disputes that his case is a federal felony case and disputes that he ever trafficked drugs or used a firearm to protect drugs. (*Id.* at 7–8.) Rather, Mr. Lawley contends his conduct qualified as a misdemeanor offense. (*Id.* at 7.) He seeks to have his conviction vacated and be released from prison. (*Id.*)

This is Mr. Lawley's second post-conviction petition related to the same case and conviction. In August 2020, Mr. Lawley filed his first petition in *Lawley v. United States*, No. 1:20-cv-00098-RJS (D. Utah) ("First 2255 Case"). In that petition, Mr. Lawley claimed ineffective assistance of counsel, asserting that a motion to compel was lodged instead of filed, the firearms at issue were not booked into evidence, and they qualified as "prop" firearms. (Mot.

---

[1] On October 12, 2021, the chief district judge referred this case to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B). (Doc. No. 7.)

[2] Magistrate judges lack statutory authority to enter final judgments on motions under 28 U.S.C. § 2255. *See* 28 U.S.C. § 636(b)(1)(B); *Brown v. United States*, 748 F.3d 1045, 1058 (11th Cir. 2014).

Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("First 2255 Mot.") 5, First 2255 Case, Doc. No. 1.)  The court denied Mr. Lawley's first petition on the grounds that Mr. Lawley failed to adequately identify any unreasonable acts or omissions of counsel.  (Order Den. Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence 2, First 2255 Case, Doc. No. 2.)

Pursuant to the court's invitation in the current case, Mr. Lawley filed a supplement to his motion.  (*See* Mot. to Reopen J. in 28 U.S.C. § 2255 Habeas Corpus Proceedings ("Mot. to Reopen"), Doc. No. 13.)  In his supplement, Mr. Lawley asks the court to reopen his original § 2255 motion, filed in case number 1:20-cv-00098-RJS.  (*Id.* at 1.)  Mr. Lawley provides additional detail supporting his original motion, and asserts he was initially unable to provide sufficient information due to time constrains in the law library resulting from the COVID-19 pandemic.  (*Id.* at 1–4.)  He also requests relief from judgment in his original § 2255 case under Rule 60 of the Federal Rules of Civil Procedure.  (*Id.* at 4.)

ANALYSIS

Where Mr. Lawley proceeds pro se, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Still, a pro se plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).  While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements," *Hall*, 935 F.2d at 1110, the court "will not supply additional factual allegations to round out a plaintiff's [petition] or construct a legal theory on a plaintiff's behalf," *Smith v. United States*,

3

561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

Where Mr. Lawley has filed a second § 2255 motion, he may only proceed if he first obtains permission from the Tenth Circuit. Because Mr. Lawley has not presented evidence this certification was granted, his petition should be denied.

**I.     Mr. Lawley's petition is properly considered a section 2255 motion.**

At the outset, although Mr. Lawley used the form for a § 2241 petition, his filing is more properly characterized as a § 2255 motion.

Habeas corpus petitions brought under § 2241 differ from those brought under § 2255. A prisoner's challenge to the *execution* of a sentence is properly brought under § 2241. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). However, a prisoner must challenge the *legality* of his commitment under § 2255. *Id.* In other words, petitions under § 2241 "do[] not oppose the sentence or conviction itself," *Watson v. McCollum*, 772 F. App'x 675, 678 (10th Cir. 2019) (unpublished) (internal quotation marks omitted), whereas petitions under § 2255 "attack the validity of a conviction and sentence," *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Generally, prisoners must bring ineffective assistance of counsel arguments in § 2255 motions. *Lester v. United States*, 668 F. App'x 334, 335 (10th Cir. 2016) (unpublished).

A prisoner may only challenge his underlying conviction under § 2241 when a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." *Prost v. Anderson*, 636 F.3d 578, 580 (10th Cir. 2011) (quoting 28 U.S.C. § 2255(e)). But § 2255 "will rarely be an inadequate or ineffective remedy to challenge a conviction." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). And failure to obtain relief under § 2255 does not mean it is an inadequate or ineffective remedy. *Lester*, 668 F. App'x at 335. Similarly, "the mere fact [that a prisoner] is precluded from filing a second § 2255 petition does not establish that the

remedy in § 2255 is inadequate." *Patel v. Morris*, 37 F. App'x 428, 430 (10th Cir. 2002) (unpublished) (quoting *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999)).

Mr. Lawley styles his filing as both a § 2241 petition and a § 2255 petition, but his petition is properly considered under § 2255. Mr. Lawley's petition collaterally attacks the validity of his conviction and sentence (considerations under § 2255), not the conditions of his confinement or the execution of his sentence (considerations under § 2241). Mr. Lawley does not argue, for example, that his commitment is legitimate but he should be held elsewhere or treated differently. Moreover, Mr. Lawley has not established a § 2255 motion would be inadequate or ineffective to test the legality of his detention, such that his petition should be considered under § 2241. Instead, Mr. Lawley directly challenges the plea agreement resulting in his conviction and sentence based on ineffective assistance of counsel. Accordingly, his petition is properly considered as a § 2255 motion.

**II.     Where Mr. Lawley failed to establish he received certification from the Tenth Circuit before filing a second § 2255 motion, this court lacks jurisdiction.**

The ability to file a second or successive § 2255 petition is strictly limited. 28 U.S.C. § 2255(h). Because Mr. Lawley has already filed a § 2255 motion based on the same underlying conviction, the petition pending in this case is a second petition under § 2255. (*See* First 2255 Mot., First 2255 Case, Doc. No. 1.) But where Mr. Lawley has not established he obtained a certificate of appealability from the Tenth Circuit Court of Appeals, this court lacks jurisdiction to address the second petition.

To proceed with a second petition, Mr. Lawley must first show the petition was certified "by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Specifically, the court of appeals must determine the second petition contains: (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear

5

and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* "[I]t is by now well-established that under the plain language of §§ 2255(h) and 2244(b)(3), prisoners must first obtain circuit-court authorization before filing a second or successive habeas claim in district court." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). Unless the appropriate court of appeals (here, the Tenth Circuit Court) grants a petitioner authorization to file a subsequent petition, the "district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim." *Id.* at 1251.

Although Mr. Lawley filed a supplement to his petition, he did not establish he received certification from the Tenth Circuit Court of Appeals to bring a second petition. For this reason, his petition must be denied for lack of jurisdiction.[3]

### III. Mr. Lawley's Rule 60 motion is more appropriately addressed in the original action.

In his supplemental filing, Mr. Lawley brings a motion under Rules 60(b) and 60(d) of the Federal Rules of Civil Procedure, seeking relief from the judgment in his first § 2255 case (1:20-cv-00098-RJS). (Mot. to Reopen 1, 4, Doc. No. 13.) In his filing, Mr. Lawley also seeks to reopen his original habeas case. Because Mr. Lawley's supplement challenges the judgment in his first § 2255 case, it was filed in that first case, as well as in this proceeding. (*See* Mot. to Reopen J. in 28 U.S.C. § 2255 Habeas Corpus Proceedings, First 2255 Case, Doc. No. 4.)

---

[3] The interest-of-justice factors under 28 U.S.C. § 1631 do not mandate transfer of the case to the Tenth Circuit, particularly in light of Mr. Lawley's supplemental filing, which makes clear his request is to reopen his original 2255 case. *In re Cline*, 531 F.3d at 1252–53.

Due to the nature of the relief sought, Mr. Lawley's Rule 60 motion is more appropriately addressed on its merits in Mr. Lawley's first § 2255 case.[4] Accordingly, the undersigned recommends the Rule 60 motion be terminated in this action as duplicative of the motion in case number 1:20-cv-00098-RJS (where it can be addressed on its merits).

## RECOMMENDATION

Where Mr. Lawley failed to establish his petition—as a second or successive petition under § 2255—was certified by the Tenth Circuit, and failed to establish a § 2255 petition would be inadequate to test the legality of his detention, the undersigned RECOMMENDS the chief district judge deny the petition. The court will send this Report and Recommendation to Mr. Lawley, who is notified of his right to object to it. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b). Any failure to object within fourteen days of service may constitute a waiver of objections upon subsequent review.

DATED this 14th day of April, 2022.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[4] Rule 60(b) motions are typically filed "in the case where the final judgment or order was entered." *Sullivan v. Univ. of Kan. Hosp. Auth.*, No. 22-cv-2045, 2022 U.S. Dist. LEXIS 30096, at *5 (D. Kan. Feb. 18, 2022) (unpublished) (citing *Giasson Aerospace Science, Inc. v. RCO Eng'g Inc.*, 872 F.3d 336, 339 (6th Cir. 2017)). Although Rule 60(d) motions may be brought in an independent action, *see* Fed. R. Civ. P. 60(d)(1), Mr. Lawley filed his supplement in both this action and his first § 2255 case. To avoid duplicative rulings, the motion is more properly addressed in the original action—the first §2255 case.