UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DAJUAN LAWLEY,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND CLOSING CASE**<br><br>Case No. 1:20-CV-00150-RJS-DAO<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

On April 14, 2022, Magistrate Judge Daphne A. Oberg issued a detailed Report and Recommendation,[1] advising the undersigned to deny Petitioner DaJuan Lawley's Petition for Writ of Habeas Corpus relief, which was construed under 28 U.S.C. § 2255.[2] Judge Oberg found the Petition successive of a prior § 2255 Petition Lawley filed in this court, thus requiring certification from the Tenth Circuit Court of Appeals for this court to have jurisdiction. Lawley has not provided that certification. Judge Oberg therefore concluded the court lacked jurisdiction to consider the Petition, and recommended: 1) that the Petition be denied, and 2) a 'Motion to

---

[1] Dkt. 14.

[2] On October 12, 2021, the undersigned referred this action to Judge Oberg pursuant to 28 U.S.C. § 636 (b)(1)(B) (Dkt. 7).

Reopen' Lawley filed in December be denied.[3]  In her Report and Recommendation, Judge Oberg also cautioned the parties that "[a]ny failure to object within fourteen days of service may constitute a waiver of objections upon subsequent review."[4]

Neither Lawley nor Respondent, the United States, filed any objection to Judge Oberg's Report and Recommendation.  Under the Tenth Circuit's "firm waiver" rule, where there is no timely and specific objection, appellate review of both factual and legal questions has been waived.[5]  Although the court may choose not to apply the firm waiver rule "when the interests of justice so dictate," there is no discernable reason in the record for such a course.[6]  Although Lawley appears pro se, he was clearly warned of the consequences of any failure to object.  And two months have passed since Judge Oberg issued her Report and Recommendation.

Moreover, having reviewed the filings in the case, the court concludes that Judge Oberg did not clearly err in her analysis of Lawley's Petition.  The court therefore ADOPTS the Recommendations that: 1) the Petition be denied, and 2) the Motion to Reopen, filed in both this action and Case No. 1:20-cv-00098, will be considered in that earlier-filed § 2255 case and terminated in this action.

---

[3] *See* Dkt. 14 (Report and Recommendation).  Lawley filed his Petition using a form for petitions brought pursuant to 28 U.S.C. § 2241 (Dkt. 6).  On November 15, 2021, Judge Oberg issued a Memorandum Decision and Order explaining that she would characterize the Petition as having been brought pursuant to § 2255 rather than § 2241.  As such, it would be Lawley's second § 2255 Petition, where Lawley previously brought a § 2255 in Case No. 1:20-cv-00098—thus requiring a certification from the Tenth Circuit Court of Appeals.  Judge Oberg also gave Lawley until January 11, 2022, to respond to this characterization, including to provide a certification to permit a second § 2255 Petition.  On December 14, 2021, Lawley filed a Motion to Reopen Judgment pursuant to § 2255, Rule 60 of the Federal Rules of Civil Procedure, and other provisions (Dkt. 13).  He also filed this Motion in Case No. 1:20-cv-00098 (Dkt. 4 in that case).  He provided no certification from the Tenth Circuit.

[4] Dkt. 14 at 7.

[5] *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

[6] *Moore,* 950 F.2d at 659 (citations omitted) (joining other courts to conclude the firm waiver rule need not apply to pro se litigants who were <u>not</u> advised of the consequences of any failure to object).

The Clerk of Court is directed to CLOSE the case.

SO ORDERED this 16th day of June, 2022.

BY THE COURT:

_____
ROBERT J. SHELBY
Chief United States District Judge